IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL MARTINEZ and <br> ANDREW HOFFMAN, <br><br> Plaintiffs <br><br> -vs- <br><br> DYNAMIC MICROSYSTEMS, L.L.C., and <br> DMS DYNAMIC MICRO SYSTEMS <br> SEMICONDUCTOR EQUIPMENT GmbH, <br><br> Defendants. | § § § § § § § § § § § § § § | <br><br><br><br><br> Case No.: A-09-CV-217-SS <br><br><br><br><br><br> JURY DEMANDED |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AGAINST DYNAMIC MICROSYSTEMS, L.L.C.**

Plaintiffs Paul Martinez and Andrew Hoffman move for summary judgment against Defendant Dynamic MicroSystems, LLC ("DMS America").  Plaintiffs are entitled to summary judgment as a matter of law for the following reasons:

- As an enterprise engaged in commerce or the production of goods for commerce, DMS America is subject to the FLSA overtime requirements.

- Plaintiffs' time records establish that they worked more than forty hours per week.

- Plaintiffs were not paid for their overtime work.  Instead, they were paid on a salary basis.

- No exemption applies to Plaintiffs as a matter of law.

- DMS America's violations of the FLSA were willful.  Therefore, the statute of limitations on Plaintiffs' lawsuit, filed on March 27, 2009, is three years.

A. **Factual Background**

Plaintiffs worked as field service engineers ("FSE") for DMS America.[1] They installed and repaired semiconductor equipment and provided technical support for clients.[2] Martinez and Hoffman were employed by DMS America from December 2006 until October 21, 2008, and from around December 1, 2006 through November 30, 2008, respectively.[3] Martinez was based in the Austin, Texas area, while Hoffman was based in Boise, Idaho. Their job duties involved travel to job sites where DMS America's clients were located and were not performed at a central location.[4]

Martinez and Hoffman had a regular weekly schedule.[5] In addition to their regular forty-hour week, Martinez and Hoffman had an on-call schedule from DMS America.[6] The FSE's rotated in taking on-call shifts of 128 hours per week.[7]

DMS America did not require that their employees submit time records,[8] but Martinez and Hoffman kept their own records of the hours they worked above forty hours per week for DMS America.[9] Plaintiffs frequently worked more than 40 hours per week, including regular

---

1   Exhibit A, Affidavit of Paul Martinez at ¶ 2; Exhibit B, Affidavit of Andrew Hoffman at ¶ 2.
2   Exhibit A at ¶ 3; Exhibit B at ¶ 3; Exhibit F, Deposition of Petra Richtsteiger, at p. 25 l. 23 through p. 26 l. 3.
3   Exhibit A at ¶ 2; Exhibit B at ¶ 2.
4   Exhibit A at ¶ 2; Exhibit B at ¶ 2.
5   Exhibit A at ¶ 4; Exhibit B at ¶ 4.
6   Exhibit A at ¶ 4; Exhibit B at ¶ 4.
7   Exhibit A at ¶ 4; Exhibit B at ¶ 4.
8   Exhibit E, Unsworn Declaration of Petra Richtsteiger, at ¶ 6; Exhibit F at p. 22, ll. 7-25.
9   Exhibit A at ¶ 5; Exhibit B at ¶ 5; Exhibit C, Deposition of Paul Martinez, at p. 92 l. 24 through p. 94 l. 16; Exhibit D, Deposition of Andrew Hoffman, at p. 117, ll. 1-10, p. 118 l. 6 through p. 119 l. 13.

overtime and time actually worked during on-call shifts.[10]  Plaintiffs did not fall under an FLSA exemption.

### B. Summary Judgment Evidence

Attached to this motion is the following summary judgment evidence, which is incorporated fully herein by reference:

- Exhibit A – Affidavit of Paul Martinez
- Exhibit B – Affidavit of Andrew Hoffman
- Exhibit C – Excerpts from Deposition of Paul Martinez
- Exhibit D – Excerpts from Deposition of Andrew Hoffman
- Exhibit E – Unsworn Declaration of Petra Richtsteiger
- Exhibit F – Excerpts from Deposition of Petra Richtsteiger
- Exhibit G – Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations Under the Fair Labor Standards Act (FLSA), U.S. Department of Labor, Employment Standards Administration, Wage and Hour Division[11]

### C. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002); FED. R. CIV. P. 56(c).

---

[10]  Exhibit A at ¶¶ 5, 7, Exhibit 1 to Exhibit A; Exhibit B at ¶¶ 5, 7, Exhibit 1 to Exhibit B.

[11]  Available at http://www.dol.gov/whd/regs/compliance/fairpay/fs17e_computer.pdf

### D. As an Enterprise Engaged in Commerce or the Production of Goods for Commerce, DMS America Is Subject to the FLSA Overtime Requirements

The FLSA requires employers to pay overtime compensation to covered employees who work more than forty hours per week.  29 U.S.C. § 207; *Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004).  As an enterprise engaged in commerce or the production of good for commerce, DMS America is subject to the FLSA overtime requirement.  29 U.S.C. § 207.  According to its General Manager Petra Richtsteiger, DMS America is "engaged in the business of providing customized equipment, sales, and field service/equipment support for the semiconductor industry within the North American market" for its German parent company.[12]  Therefore, DMS America is an employer for purposes of the FLSA.

### E. Plaintiffs Were Not Compensated for Overtime Work in Violation of the FLSA

DMS America did not have records of the hours worked by Plaintiffs.[13]  Instead, Plaintiffs kept their own time records.[14]  Their affidavits reflect the hours they worked, which are based on these time records.[15]

#### 1. Hours worked by Martinez and damages

Martinez was paid a salary of $70,000 and a medical stipend of $5,000 per year.[16]  29 C.F.R. § 778.113 explains how to calculate the regular rate for employees paid on a salary basis. Counting both his salary and his stipend, dividing the amount by 52 weeks per year and 40 hours per week, his regular hourly rate would be $36.06.  Therefore, Martinez's overtime rate would be

---

[12]   Exhibit E at ¶ 2.

[13]   *Id.* at ¶ 6; Exhibit F at p. 22, ll. 7-25.

[14]   Exhibit A at ¶ 5; Exhibit B at ¶ 5; Exhibit C at p. 92 l. 24 through p. 94 l. 16; Exhibit D at p. 117, ll. 1-10, p. 118 l. 6 through p. 119 l. 13.

[15]   Exhibit A at ¶ 5; Exhibit B at ¶ 5; Exhibit C at p. 92 l. 24 through p. 94 l. 16; Exhibit D at p. 117, ll. 1-10, p. 118 l. 6 through p. 119 l. 13.

[16]   Exhibit A at ¶ 6; Exhibit E at ¶ 4.

$54.09. Martinez worked 350 hours in excess of forty hours per week in 2007, and 229 hours in excess of forty hours per week in 2008.[17] Thus, he worked 579 overtime hours.[18] Martinez was not paid overtime for these hours.[19]

In addition to the 579 overtime hours in 2007 and 2008 that have already been mentioned, Martinez also had *actual* working time during his on-call periods.[20] He is not seeking compensation for time he was not working during on-call shifts. Martinez was placed on-call approximately every three weeks from January 1, 2007 through October 21, 2008.[21] Therefore, there were approximately 31 weeks wherein he was on-call.[22] For each week he was on-call, he would respond to customer calls and requests an average of four times per week.[23] Each time Martinez responded, he would spend an average of two hours working.[24] Thus, he had approximately 248 hours of on-call working time.[25] He was not paid overtime for his on-call working time.[26]

Therefore, he worked a total of 827 overtime hours for which DMS America owes him overtime compensation. Multiplying his 827 overtime hours by the overtime rate of $54.09, Martinez is owed $44,732.43 for these hours. With liquidated damages as authorized by 29 U.S.C. § 216(b), his actual damages amount to $89,464.86.

---

[17] Exhibit A at ¶ 7, Exhibit 1 to Exhibit A.

[18] Exhibit A at ¶ 7.

[19] *Id.*

[20] Exhibit A at ¶ 8.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

### 2. Hours worked by Hoffman and damages

Hoffman was paid a salary of $66,000 and a medical stipend of $4,000 per year.[27] Counting both his salary and his stipend, his regular hourly rate would be $33.65. Therefore, his overtime rate would be $50.48. Hoffman worked 495.6 hours in excess of forty hours per week in 2007, and 191.3 hours in excess of forty hours per week in 2008.[28] Thus, he worked 686.9 overtime hours during his DMS America employment.[29] Hoffman was not paid overtime for these hours.[30] Multiplying the 686.9 overtime hours by the overtime rate of $50.48, he is owed $34,674.71 for these hours. With liquidated damages as authorized by 29 U.S.C. § 216(b), his actual damages amount to $69,349.42.

Plaintiffs' summary judgment evidence establishes that DMS America failed to compensate them for their overtime work. Plaintiffs worked more than forty hours per week, but DMS America did not pay overtime wages to them.

### F. The Computer Professional Exemption Does not Apply to Plaintiffs

FLSA exemptions are construed narrowly and the employer bears the burden of proof on any exemption. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006); *Gallegos v. Equity Title Co. of America, Inc.*, 484 F. Supp. 2d 589, 593 (W.D. Tex. 2007).

The only evidence to support DMS America's defense of an FLSA exemption is Richtsteiger's statement that *DMS America classified Plaintiffs as exempt* and Richtsteiger

---

[27] Exhibit B at ¶ 6; Exhibit E at ¶ 5.

[28] Exhibit B at ¶ 7, Exhibit 1 to Exhibit B. Hoffman's records regarding hours worked in excess of forty hours per week include time actually worked during on-call shifts. Hoffman is not seeking compensation for time not spent performing actual work during on-call shifts. Both Martinez and Hoffman's time records have been provided to DMS.

[29] Exhibit B at ¶ 7, Exhibit 1 to Exhibit B.

[30] *Id.*

believed that each of the Plaintiffs were exempt computer professionals.[31]  DMS America's internal classifications and Richtsteiger's personal belief that Plaintiffs were exempt fail to establish the FLSA computer exemption.  Richtsteiger never says that Plaintiffs' work required the theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming and software engineering.  *See Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 580-82 (6th Cir. 2004).

Indeed, Richtsteiger's own statements about Plaintiffs' job duties demonstrate that they were not exempt under the FLSA.  For example, Richtsteiger admitted that Plaintiffs installed, repaired, and maintained semiconductor equipment.[32]  This type of work does not fall under the computer professional exemption.  "The exemption for employees in computer occupations does not include employees engaged in the manufacture or repair of computer hardware and related equipment."  29 C.F.R. § 541.401.

Plaintiffs installed and repaired semiconductor equipment and provided technical support for clients.[33]  In his deposition, Hoffman testified that he and Martinez were "glorified grease monkeys."[34]  Their work was comparable to that of an auto mechanic.[35]  They did not apply highly specialized knowledge in the areas of computer systems analysis, programming and software engineering, as the computer professional exemption requires.  Therefore, their work does not fall under the computer professional exemption.  The Department of Labor's regulations clarify this.  *See* 29 C.F.R. § 541.401.  In fact, the Department of Labor has issued a fact sheet

---

[31]  *See* Exhibit E at ¶ 6.

[32]  Exhibit E at ¶ 3; Exhibit F at p. 25 l. 23 through p. 26 l. 3.

[33]  Exhibit A at ¶ 3, Exhibit B at ¶ 3.

[34]  Exhibit D at p. 258 l. 13 through p. 259 l. 12.

[35]  *Id.*

stating that employees who repair computer hardware and related equipment are not exempt under the FLSA.[36]

### G. The Learned Professional Exemption Does not Apply to Plaintiffs

Nor do Plaintiffs fall under the learned professional exemption. Under 29 C.F.R. § 541.301, there are three requirements for this exemption: "(1) The employee must perform work requiring advanced knowledge; (2) The advanced knowledge must be in a field of science or learning; and (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction." Plaintiffs' jobs' at DMS America did not require any degrees, as conceded by Richtsteiger.[37] The work performed by Plaintiffs was comparable to that of an auto mechanic, and their jobs could have been performed by a person with a high school education.[38] In fact, neither Martinez nor Hoffman had a college degree.[39]

No exemption applies to the Plaintiffs. As non-exempt employees, they were entitled to overtime compensation for the hours they worked in excess of forty hours per week.

### H. DMS America's Violations of the FLSA Were Willful, Therefore the Statute of Limitations is Three Years in this Case.

DMS America should have known that Plaintiffs were eligible for overtime compensation. The FSE employees were complaining that their long hours were preventing them from spending time with their families, so their supervisor Doug Walker asked them to keep track of their time.[40] Several times, Walker told the FSE's that DMS America was working

---

[36] Exhibit G.

[37] Exhibit F at p. 24 l. 24 through p. 25 l. 4.

[38] Exhibit D at p. 257 ll. 13-16, p. 258 l. 13 through p. 259 l. 12.

[39] Exhibit C at p. 17 ll. 7-18, p. 19 l. 9 through p. 20 l. 1, p. 20 ll. 14-19; Exhibit D at p. 257 ll.11-12.

[40] Exhibit C at p. 94 l. 17 through p. 95 l. 14; Exhibit D at p. 254 ll. 1-9.

on the payment of overtime to them.[41]  In fact, Petra Richtsteiger, General Manager for DMS America, said the same thing to Hoffman in 2009.[42]  These facts show that DMS America knew that it was wrongfully denying overtime compensation to its employees.  The most basic investigation of Labor Department regulations would have confirmed that the Plaintiffs were entitled to overtime compensation.

DMS America's violations of the FLSA were willful.  "An employer acts willfully and subjects himself to the three year liability provision if he knows, or has reason to know, that his conduct is *governed by* the Fair Labor Standards Act."  *Brennan v. Heard*, 491 F.2d 1, 3 (5th Cir. 1974).  Therefore, the statute of limitations on Plaintiffs' lawsuit, filed on March 27, 2009, should be three years.  29 U.S.C. § 255.

### I. Plaintiffs' Summary Judgment Motion Should Be Granted

Plaintiffs worked in excess of forty hours per week, including regular overtime and work performed while they were on-call, as supported by their affidavits.  The summary judgment evidence establishes that Plaintiffs were not compensated for any hours worked in excess of forty hours per week.  Further, no exemption applies to Plaintiffs.

For these reasons, Plaintiffs Paul Martinez and Andrew Hoffman respectfully request the Court to grant summary judgment against Defendant Dynamic Microsystems, L.L.C. on their claims.

---

[41]  Exhibit C at p. 96 ll. 10-13; Exhibit D at p. 254 ll. 17-24.

[42]  *Id.* at p. 254 l. 17 through p. 255 l. 8.

                Respectfully submitted,

                __/s/ Howard L. Steele, Jr._____
                Howard L. Steele, Jr.
                Texas Bar No. 24002999
                Federal Bar No. 21615
                Wells Fargo Plaza
                1000 Louisiana, Suite 3780
                Houston, Texas 77002
                (713) 659-2600 [Telephone]
                (713) 659-2601 [Facsimile]
                hsteele@steelesturm.com

                ATTORNEY IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
STEELE STURM, PLLC
Kevin T. Kennedy
Texas Bar No. 24009053
Federal Bar No. 305324
Victor Ang
Texas Bar No. 24059382
Federal Bar No. 962896
Wells Fargo Plaza
1000 Louisiana, Suite 3780
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]

## **CERTIFICATE OF SERVICE**

    I certify that a copy of Plaintiffs' Motion for Summary Judgment was served on Defendant, DMS Microsystems, L.L.C., through counsel of record, on April 30, 2010 by electronic filing.

    Erik E. Cary
    Cynthia Veidt
    CARY & LIPPINCOTT, PLLC
    700 Lavaca St., Suite 1030
    Austin, Texas 78701

                __/s/ Kevin T. Kennedy_____
                Kevin T. Kennedy